UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

UNITED STATES OF AMERICA

v.

JHOAN PICHARDO,

        Defendant.
-------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: July 8, 2020
```

17-CR-512 (KMW)
**OPINION & ORDER**

KIMBA M. WOOD, District Judge:

Defendant Jhoan Pichardo has moved to modify his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). Defendant seeks compassionate release, claiming that he faces a heightened risk of serious illness from COVID-19 due to his gender, race, and medical conditions. The Government opposes his motion. Because the Bureau of Prisons ("BOP") has implemented testing and isolation protocols at the facility where Defendant is incarcerated that have greatly reduced the risk that Defendant will contract COVID-19, Defendant's motion is DENIED.

## BACKGROUND

On April 17, 2019, Defendant pled guilty to conspiring to distribute and possess with intent with distribute heroin, in violation of 21 U.S.C. § 841(b)(1)(C). (ECF Nos. 388, 391 at 7–24.) On September 30, 2019, this Court sentenced Defendant to 20 months' imprisonment, to be followed by three years of supervised release. (ECF No. 547.) Defendant is serving his sentence at the Federal Correctional Institution, Fort Dix, in New Jersey ("FCI Ft. Dix"). He resides in FCI Ft. Dix's minimum security satellite camp (the "FCI Camp").

On May 18, 2020, the Court received Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), which was dated April 13, 2020. (ECF No. 625.) The

Government opposed Defendant's motion. According to the Government, the BOP had never received a compassionate release motion from Defendant. Thus, the Government argued, Defendant had not complied with the statutory requirement that he seek compassionate relief from the BOP before doing so in court. (ECF No. 629.) The Court ordered Defendant to properly exhaust his claim, and ordered the Government to inform the Court if the BOP received a request for compassionate release from Defendant. (ECF No. 630.)

On June 23, 2020, the Government informed the Court that the BOP had received a request for compassionate release from Defendant. (ECF No. 636 Ex. A.) Defendant's request was identical to the one the Court received on May 18, 2020, and was likewise dated April 13, 2020. (*Id.*) However, the Government states that it does not know when the BOP received Defendant's request, as the Compassionate Release Coordinator at FCI Ft. Dix failed to date the request upon receipt. (ECF No. 636 at 2.)

## LEGAL STANDARD

Under 18 U.S.C. § 3582(c)(1)(A), as modified by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), a court may reduce a defendant's sentence upon motion of the Director of the Bureau of Prisons ("BOP"), or upon motion of the defendant. A defendant may move under § 3582(c)(1)(A) only after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

A court may reduce a defendant's sentence only if the court finds that "extraordinary and compelling reasons warrant such a reduction," and "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A)(i). In

making this determination, the court must consider the "the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable."  *Id.* § 3582(c)(1)(A).

Congress has delegated responsibility to the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction."  28 U.S.C. § 994(t)).  The Sentencing Commission has determined that a defendant's circumstances meet this standard, *inter alia*, when the defendant is "suffering from a terminal illness" or a "serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility," or if, in the judgment of the BOP, the defendant's circumstances are extraordinary and compelling for "other reasons."  U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A), (D).   Following the passage of the First Step Act, courts may independently determine whether such "other reasons" are present in a given case, without deference to the determination made by the BOP.  *See United States v. Lisi*, No. 15-CR-457, 2020 WL 881994, at *3 (S.D.N.Y. Feb. 24, 2020) (Failla, J.).

In addition, the Sentencing Commission has determined that a court should reduce a defendant's sentence only after determining that "[t]he defendant is not a danger to the safety of any other person or to the community."  U.S.S.G. § 1B1.13(2).

## DISCUSSION

Defendant seeks compassionate release on the ground that he faces a heightened risk of serious illness or death from infection with COVID-19 because he is a Hispanic-American male who suffers from high blood pressure, "maternal and paternal chronic health issues," and unspecified breathing issues that are exacerbated by mold, dust, and germs at FCI Ft. Dix.  (ECF No. 625 at 2.)

The Court assumes that 30 days have elapsed since Defendant requested compassionate relief from the BOP, such that the instant motion is properly before the Court. Ordinarily, a prisoner may not move for compassionate release in court until the prisoner exhausts his administrative remedies or 30 days elapse from the BOP's receipt of his request for compassionate release, whichever comes first. *See* 18 U.S.C. § 3582(c)(1)(A). Here, the Government concedes that the BOP "could not say" when the BOP received Defendant's request for compassionate release. (ECF No. 636 at 2.) On this record, the Court cannot determine whether 30 days have elapsed since the BOP received Defendant's request. Defendant's request was dated April 13, 2020, but it is possible that Defendant did not submit it to the BOP until a later date. The Court need not decide the issue of exhaustion, however, because a reduction of Defendant's sentence would not be warranted even if his motion were properly before the Court.[1]

Defendant's risk of contracting COVID-19 does not constitute an "extraordinary and compelling reason" for granting compassionate release. Defendant suffers from hypertension, a condition that the Centers for Disease Control and Prevention recognize as a possible risk factor for COVID-19.[2] But Defendant's risk of contracting COVID-19 at the FCI Camp is presently very low. Although FCI Ft. Dix and the FCI Camp experienced an outbreak of COVID-19 cases in April, the BOP has taken aggressive measures that have brought the outbreak under control. On May 6, 2020, the BOP tested all 179 of the inmates who resided at the FCI Camp for

---

[1] Even if 30 days have not elapsed since the BOP received Defendant's request, the Court would still have jurisdiction to reach the merits of his motion. *See United States v. Haney*, 19-CR-541, 2020 WL 1821988, at *2 (S.D.N.Y. Apr. 13, 2020) (Rakoff, J.) (citing *United States v. Taylor*, 778 F.3d 667, 670–71 (7th Cir. 2015) (prisoner's failure to meet exhaustion requirement of § 3582(c)(1)(A) does not deprive the court of jurisdiction to decide motion on its merits)).

[2] Centers for Disease Control and Prevention, "Coronavirus Disease 2019 (COVID-19): People With Certain Medical Conditions," https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#serious-heart-conditions (Accessed July 6, 2020).

COVID-19, including Defendant.  Defendant tested negative.  Fifty-eight FCI Camp inmates tested positive, and all were moved to the main FCI Ft. Dix facility.  The FCI Camp was placed under quarantine for two weeks, during which time all inmates received daily temperature and symptom checks.  Since May 6, 2020, no FCI Camp inmates have tested positive.  Five staff members at FCI Ft. Dix have tested positive, but all had recovered and returned to work as of May 16, 2020, and no staff members have tested positive since that date.  (Government Update Letter at 2–3, ECF No. 640.)  All new inmates coming into FCI Ft. Dix are automatically quarantined for fourteen days.  (Declaration of Dr. Nicoletta Turner Foster ¶ 20, Government Update Letter Ex. A.)  The Court is mindful that the risk that COVID-19 will return to the FCI Camp cannot be fully eliminated.  Nevertheless, at this time, due to BOP's stringent measures, the low risk that Defendant faces from contracting COVID-19 is not an extraordinary and compelling reason warranting compassionate release.  Should conditions at the FCI Camp materially worsen, the Court will entertain a renewed motion.

## CONCLUSION

For the foregoing reasons, Defendant's motion for compassionate release pursuant to § 3582(c)(1)(A) is DENIED.  The Clerk of Court is respectfully directed to mail a copy of this Opinion and Order to Defendant.

SO ORDERED.

Dated: New York, New York
       July 8, 2020                                              /s/ Kimba M. Wood
                                                                 KIMBA M. WOOD
                                                           United States District Judge